LAW OFFICES OF LES ZIEVE
LES ZIEVE, ESQ. #123319
MATTHEW D. TOKARZ, ESQ. #225024
18377 Beach Blvd. Suite 210
Huntington Beach, CA 92648
(714) 848-7920
(714) 848-7650 Fax

Counsel for Movant

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>Oscar Edward Salgado,<br><br>　　　　　　Debtor(s).<br><br>U.S. Bank National Association ND, its assignees and/or successors in interest,<br><br>　　　　　　Movant,<br>vs.<br><br>Oscar Edward Salgado,<br>Thomas A. Aceituno, Trustee,<br><br>　　　　　　Respondents. | Case No: 10-42766<br><br>Motion No. LAZ#1<br><br>CHAPTER 7<br><br>**MOVANT U.S. BANK NATIONAL ASSOCIATION ND'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Local Rule 4000-1 and Local Rule 9014-1 (f)(2)<br><br>**Hearing -**<br>Date:　October 4, 2010<br>Time:　9:00 AM<br>Place:　Courtroom 28, 7th Floor<br>　　　　501 I Street<br>　　　　Sacramento, CA |

U.S. Bank National Association ND, its assignees and/or successor in interest ("Movant" herein), moves this Court for an Order terminating the Automatic Stay of 11 U.S.C. §362 as to Movant (and the Trustee under the Deed of Trust securing Movant's claim) so that Movant (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtor's property, generally described as **583 Brassie Avenue, Kings Beach CA 96143** ("Property" herein).

Movant alleges the value of the Property to be approximately $270,000.00 based upon Schedule D- Creditors Holding Secured Claims of the Debtors' Schedules. Attached hereto as **Exhibit "3"** is a copy of Schedule D- Creditors Holding Secured Claims of the Debtors' Schedules. Movant requests that the Court take Judicial Notice, pursuant to Federal Rules of Evidence Rule 201, of the attached Exhibit as to the issue of value of the subject Property.

There is currently a First Trust Deed upon the Property in favor of Bank of America, securing a Promissory Note in an unknown original amount. The present unpaid principal balance of said Note is $110,000.00 as listed on Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules. Attached hereto as **Exhibit "3"** is a copy of Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules.

There is also currently a Third Trust Deed upon the Property in favor of Bank of America, securing a Promissory Note in an unknown original amount. The present unpaid principal balance of said Note is $122,000.00 as listed on Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules. Attached hereto as **Exhibit "3"** is a copy of Schedule D-CreditorsHolding Secured Claims of the Debtors' Schedules.

Movant alleges that there appears to be no equity with respect to the subject Property, that Movant is not adequately protected, that the Property is not necessary for an effective reorganization, and that cause exists, in that Movant is not receiving its regular monthly payments, and/or that it would be unfair and inequitable to delay Movant in the foreclosure of Movant's interest in the subject Property. 11 U.S.C. Section 362(d).

In the event neither Debtors nor Debtors' Counsel appear at a Hearing on this Motion, the Court may grant relief from the Automatic Stay permitting Movant to foreclose on the subject Property and obtain possession of such Property without further Hearing.

///

///

WHEREFORE, Movant prays for an order as follows:

(1)     For an Order granting relief from Automatic Stay, permitting Movant to move ahead with Foreclosure proceedings under Movant's Trust Deed, and to sell the subject Property at a Trustee's Sale under the items of said Trust Deed including necessary action to obtain possession of the Property.

(2)     For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

(3)     For an Order binding and effective despite any conversion of this bankruptcy case.

(4)     For an Order allowing Movant to be permitted to offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with.

(5)     For such other relief as this Court deems appropriate.

DATED: September 16, 2010                Respectfully submitted
                                         **LAW OFFICES OF LES ZIEVE**


                                         /s/ Matthew D. Tokarz
                                         _____

                                         By: MATTHEW D. TOKARZ
                                         Counsel for Movant